IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DALLAS H. DRUMMOND, | § | |
| | § | No. 52, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1001008949A (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 11, 2021
Decided: June 11, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Dallas Drummond, filed this appeal from the Superior Court's denial of his motion for review of sentence.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)     On September 19, 2011, Drummond pled guilty to possession of marijuana, and the Superior Court sentenced him to six months of imprisonment, suspended for six months of Level III probation.  On February 4, 2013, Drummond

pleaded guilty to two counts of fourth-degree rape. For each count, the Superior Court sentenced him to fifteen years of imprisonment, suspended after four years for eighteen months of Level III probation. The sentencing order also provided that Drummond would be subject to GPS monitoring and prohibited him from having contact with any minor under eighteen years of age.

(3)    On August 6, 2019, a probation officer filed a violation of probation ("VOP") report alleging that Drummond's GPS monitor had indicated that Drummond was on a high school campus on July 23, 2019, for approximately thirty minutes. At a VOP hearing on November 8, 2019, the Superior Court found Drummond in violation and imposed the following VOP sentence: for the first fourth-degree rape conviction, eleven years of imprisonment, suspended after completion of the Transitions Sex Offender Program for two years of Level III probation with GPS monitoring; for the second fourth-degree rape conviction, eleven years of imprisonment, suspended for two years of Level III probation with GPS monitoring; and for the marijuana conviction, six months of imprisonment, suspended for two years of Level III probation with GPS monitoring. Drummond appealed from his VOP sentence, and this Court affirmed.[1]

(4)    Drummond has filed several motions for modification or review of sentence, which the Superior Court has denied. On January 25, 2021, he filed a

---

[1] *Drummond v. State*, 2020 WL 1862318 (Del. Apr. 13, 2020).

motion for review of sentence, in which he sought to be released from Level V confinement to either Level III or Level IV supervision. Invoking 11 *Del. C.* § 4221 and the Eighth Amendment, he sought review of his sentence based on the effects of the COVID-19 pandemic within the prison and, in particular, because he has asthma, which places him at increased risk of complications from COVID-19. The Superior Court denied the motion as untimely and repetitive.[2] It also determined that Drummond is not amenable to probation at this time, that the sentence was appropriate, and that the Department of Correction ("DOC") had implemented protocols to protect inmates and others from COVID-19. Drummond has appealed to this Court.

(5) We review the denial of a motion for sentence review or modification for abuse of discretion.[3] We conclude that the Superior Court's order should be affirmed. The cases on which Drummond relies in support of his Eighth Amendment argument relate to the civil liability of prison officials, not the reduction of prisoners' sentences; Drummond has not demonstrated that he is entitled under the Eighth

---

[2] *See* Del. Super. Ct. Crim. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. . . . The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. The court will not consider repetitive requests for reduction of sentence.").

[3] *Gladden v. State*, 2020 WL 773290 (Del. Feb. 17, 2020); *Bailey v. State*, 2005 WL 1469363 (Del. June 20, 2005).

Amendment to the relief that he seeks.[4]  Nor is he entitled to relief under 11 *Del. C.* § 4221.  That provision permits but does not require the Superior Court to modify or reduce a sentence of one year or less under specified circumstances.[5]  Even if we assume that Drummond's sentence is eligible for consideration under Section 4221, we cannot conclude that the Superior Court abused its discretion by determining that Drummond is not amenable to probation at this time and denying his request under Section 4221 to be released on probation.

(6)    Finally, Drummond's contention that the DOC has not acted appropriately to contain the spread of COVID-19 within the prison system does not

---

[4] *See White v. State*, 2021 WL 1828069 (Del. May 6, 2021) (affirming denial of motion that sought sentence review under 11 *Del. C.* § 4221 and the Eighth Amendment, and stating that, "[a]s to White's constitutional claims, the cases he cites relate to the civil liability of prison officials, not the reduction of prisoners' sentences"); *Woods v. State*, 2021 WL 304007 (Del. Jan. 28, 2021) ("[I]t appears that the Eighth Amendment cases that Woods cited in his Superior Court submission involved civil litigation and not modification of a defendant's criminal sentence and therefore do not support the relief Woods seeks."). *See also, e.g.*, *Williams v. Commonwealth*, 2021 WL 943753 (Ky. Ct. App. Mar. 12, 2021) (affirming denial of motion seeking relief from sentence because of appellant's high risk of COVID-19 complications, and holding that appellant's claim was a condition-of-confinement claim under the Eighth Amendment and that such claims are "civil in nature; as such, the sentencing court is not the proper forum to address them"); *Commonwealth v. Jackson*, 2020 WL 4495293 (Mass. App. Ct. Aug. 5, 2020) (similar).

[5] *See* 11 *Del. C.* § 4221 ("Notwithstanding any provision of law to the contrary, a court may modify, defer, suspend or reduce a minimum or mandatory sentence of 1 year or less, or a portion thereof, where the court finds by clear and convincing evidence, or by stipulation of the State, that the person to be sentenced suffers from a serious physical illness, injury or infirmity with continuing treatment needs which make incarceration inappropriate and that such person does not constitute a substantial risk to the community.").

provide a basis for relief under Superior Court Criminal Rule 35(b).[6]   Rule 35(b) provides that the court will consider a motion made more than ninety days after the imposition of sentence only in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[7]   Section 4217 permits the Superior Court to modify a defendant's sentence if DOC files an application for good cause shown—including a defendant's serious medical illness or infirmity—and certifies that the defendant does not constitute a substantial risk to the community or himself.[8]  If Drummond's "specific individual medical condition warrant[s] sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief."[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[6] *See Williams v. State*, 2020 WL 7311325 (Del. Dec. 10, 2020) (affirming denial of motion for sentence modification based on a "general concern that the Department of Correction . . . was unable to contain the spread of COVID-19 in the prison population").
[7] Del. Super. Ct. Crim. R. 35(b).
[8] 11 *Del. C.* § 4217.
[9] *Woods*, 2021 WL 304007, at *2.